In the Matter of the Claim of BRUCE VANDE, Respondent, against WALTER MATTISON, JR., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an uninsured employer from a decision and award of compensation made in favor of the claimant for partial disability. The sole issue on appeal is whether the claimant was a farm laborer within the meaning of the Workmen's Compensation Law and not entitled to the protection of the statute. There is no dispute as to the facts. Appellant was the owner of some 25 acres of land, 5 of which were devoted to the raising of mink, and one of the remaining acreage was used for agricultural purposes. Appellant had some 4,500 of such fur-bearing animals and claimant's principal work was to attend, feed and look after them. The board found that appellant was not operating a farm in the common acceptance of the term and hence not entitled to exclusion from coverage as provided by subdivision 4 of section 2 of the Workmen's Compensation Law. We think the board's decision was correct. Under the Unemployment Insurance Law of this State it has been held that an employer was not entitled to the exemption as a farmer where he raised wild animals for exhibition purposes (*Matter of Bridges*, 287 N. Y. 782). In the State of Minnesota it was held that farming did not include raising fur-bearing animals (*Tucker* v. *Newman*, 217 Minn. 473). A decision to the same effect was made in the Wisconsin courts (*Cedarburg Fox Farms* v. *Industrial Comm.*, 241 Wis. 604). Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.

In the Matter of the Claim of HARRY YOUNG, Respondent, against LAN FONG RESTAURANT, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board awarding compensation for an occupational disease. The claimant had been employed as a waiter by the appellant employer, beginning in 1951. The claimant was required to cut and prepare citric fruits and other foods which irritated his skin and he was required to wash teapots in soapy water. In 1952, he developed a rash on his hands and, when the employer noticed the rash, he discharged him in December, 1952. The claimant's condition had apparently improved by December, 1953, when he was rehired by the employer. In June, 1954, the claimant suffered an eruption on the back of his hands with itching and blisters. He was promoted to head waiter but, as a head waiter, he was still obliged to rinse cocktail glasses in soapy water. The claimant's condition continued and, on December 4, 1954, it became so bad that the claimant was compelled to quit work. On May 25, 1955, his condition was diagnosed as dermatitis and the board found that the claimant was disabled by dermatitis as of that date. It is the appellant's contention that the claimant had not contracted the disability " within the twelve months previous to the date of disablement " (Workmen's Compensation Law, § 40). There was sufficient evidence to sustain the board's conclusion that the claimant had not contracted the disease until the eruption occurred in June, 1954 (*George* v. *Kary Safe Paper Bag Co.*, 276 App. Div. 880). This was within 12 months of the date of disablement. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.